UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
──────────────────────────────X

CLIFTON LYONS,

               Plaintiff,

     -against-

RICHARD D. ZUCCHI, ASSOCIATES
OF PRUDENTIAL FINANCIAL,
THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,

               Defendants.
──────────────────────────────X

**MEMORANDUM AND ORDER**
05-CV-5588 (RJD)

DEARIE, United States District Judge:

      Plaintiff Clifton Lyons, appearing *pro se*, filed the instant action on November 28, 2005, alleging that defendants have failed to pay him disability benefits in accordance with an insurance policy. By order dated December 8, 2005, the Court directed plaintiff to show cause within thirty (30) days why the complaint should not be dismissed for lack of subject matter jurisdiction. Lyons v. Zucchi, et al., 05-CV-5588 (RJD), slip op. at 5 (E.D.N.Y. Dec. 8, 2005). Plaintiff filed an affirmation on December 29, 2005, asserting that this Court has jurisdiction over his complaint pursuant to the diversity statute, 28 U.S.C. § 1332; however, by order dated January 3, 2006, the Court held that plaintiff did not satisfy the $75,000 amount in controversy requirement of the diversity statute and granted him an additional thirty (30) days to show cause why the complaint should not be dismissed. Lyons v. Zucchi, et al., 05-CV-5588 (RJD) slip op. at 2-3 (E.D.N.Y. Jan. 3, 2006). On January 6, 2006, plaintiff filed numerous documents in support of his claim that the amount in controversy is in excess of $75,000. Upon reviewing plaintiff's submissions, the Court finds that it does not have jurisdiction over the instant

complaint and dismisses it for the reasons set forth below.

In order to satisfy the amount in controversy requirement of the diversity statute, plaintiff must establish that there is a "reasonable probability" that he would recover an amount in excess of $75,000. Chase Manhattan Bank, N.A. v. Am. Nat'l Bank and Trust Co. of Chicago, 93 F.3d 1064, 1070 (2d Cir. 1996). As evidence of the "reasonable probability" that he will receive the $350,000,000 that he seeks from defendants, plaintiff submits numerous excerpts from defendant Prudential Insurance Company of America's financial statements for the year 2000. See Exhibits to Affidavit/Affirmation in Support of Motion dated January 6, 2006. The test, however, is not whether defendants will be able to pay the money plaintiff seeks, but whether plaintiff has presented evidence that he is entitled to an amount in excess of $75,000. Plaintiff also submits a copy of a summary of his Appreciable Life Insurance Policy as prepared by Prudential Financial. The summary specifies that as of January 12, 2005, the policy has a face amount of $50,000, an excess death benefit of $1,134.06, and a spouse rider valued at $9,480. See Prudential Financial statement dated February 9, 2005, attached to plaintiff's letter to the Court dated January 9, 2006.

Based on plaintiff's submissions, the Court concludes that the amount in controversy is less than the jurisdictional prerequisite required for diversity. See 28 U.S.C. §1332; Chase Manhattan Bank, N.A., 93 F.3d at 1070. Plaintiff's claim for breach of his insurance contract is a matter of state law, and plaintiff is advised to pursue his claims in state court. See Pollock v. Trustmark Ins. Co., 367 F. Supp. 2d 293, 298 (E.D.N.Y. 2005) (motion for remand to state court granted where disability insurance policy was valued at $55,000 and requested attorney fees would not be more than $20,000). As diversity jurisdiction is lacking in the instant action, the complaint is dismissed. Fed. R. Civ. P. 12(h)(3); see United Food & Commercial Workers

Union, Local 919, AFL-CIO v. CenterMark Props. Meriden Square, 30 F.3d 298, 301 (2d Cir. 1994).

Conclusion

Accordingly, the complaint is dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

                                                                         s/ Judge Raymond J. Dearie

                                                                         Raymond J. Dearie
                                                                         United States District Judge

Dated: 2/7/06
Brooklyn, New York